UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                             3:06-cr-204-J-33MCR

ROBERT C. BROWN
LAURETTE C. HUNTER

_____

**ORDER**

This matter comes before the Court on the Motion for Disclosure of June 2006 Grand Jury Transcripts and to Dismiss for Prosecutorial Misconduct Before the Grand Jury (Doc. #94), filed by Brown on August 16, 2006.

Brown requests that the government disclose to him the transcripts of the entire grand jury proceedings. To justify the request, Brown alleges that the government attorney summarized prior grand jury proceedings from earlier returned indictments, nearly identical to the indictment in this case. Accordingly, Brown argues that the government attorney acted as both a prosecutor and an unsworn witness, rendering this indictment invalid. Brown suggests that the transcripts will verify these claims, and requests that the Court dismiss the indictment upon this revelation.

To support his allegations, Brown points to the Jencks Act material that the government provided to Brown before trial. Among the Jencks material were transcripts of testimony before the grand

1

jury that had returned the earlier indictments.  Specifically, Brown identifies that the Jencks material included a transcript of the testimony of Agent Cessario before the former grand jury. Brown further notes that the Jencks material did not include the transcripts of any testimony by Agent Cessario before the grand jury that returned the instant indictment.  From this, Brown argues, "it appears that the only matters presented to the grand jury that returned the indictment in the present case were statements by one or more Assistant United States Attorneys relating to prior proceedings before one or more grand juries other than the grand jury that returned the indictment."  (Doc. #94 at 2).

The government responded to the motion orally, at trial.  The government contends that Brown's assumptions are incorrect and stem from a misunderstanding.  The government contends that it inadvertently included Agent Cessario's testimony before the former grand jury.  The government assures the Court that Agent Cessario also testified in front of the grand jury that returned this indictment.  The government asserts that the only reason the government did not include a transcript of Cessario's testimony in front of the grand jury that returned this indictment is because the government decided not to call Cessario as a witness.  As such, the government is not required to turn over Cessario's grand jury testimony as Jencks material.

A request for grand jury transcripts is within the sound discretion of the court. United States v. Scrimgeour, 636 F.2d 1019, 1025 (5th Cir. Feb. 1981)(citing United States v. Fuentes, 432 F.2d 405, 408 (5th Cir. 1970)).  Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) provides that grand jury transcripts may be disclosed "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  However, the Court should not so disclose unless the party requesting the grand jury transcript establishes that a particularized need exists which outweighs the policy of secrecy.  Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959)("The burden . . . is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy."); see also Dennis v. United States, 384 U.S. 855, 870 (1966)(reaffirming the particularized need standard).

The Court finds that Brown has failed to establish a particularized need for the transcripts.  The government provided an explanation to the particularized need proffered by Brown.  The government attorney, as an officer of the court, is obligated to be truthful in the attorney's representations to the Court.  The Court is satisfied that the government attorney did not deviate from this responsibility. As such, the government attorney's explanation of Brown's misunderstanding extinguishes any arguable particularized

need.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Motion for Disclosure of June 2006 Grand Jury Transcripts and to Dismiss for Prosecutorial Misconduct Before the Grand Jury (Doc. #94) is **DENIED.**

**DONE** and **ORDERED** at Jacksonville, Florida, this <u>13th</u> day of November, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record