```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

vs.                                      3:06-cr-204-J-33MCR

LAURETTE C. HUNTER
_____

## ORDER

This matter comes before the Court on the Motion for New Trial or Judgment of Acquittal (Doc. #133), filed by Hunter on August 24, 2006.[1]  The government filed a response on September 27, 2006 (Doc. #153).  For the reasons stated below, the motion is denied.

**I. Motion for Judgment of Acquittal**

A motion for judgment of acquittal, after a jury verdict, is governed by Federal Rule of Criminal Procedure 29(c).  "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction.'"  United States v. Hunt, 412 F. Supp. 2d 1277, 1282 (11th Cir. 2005)(quoting United States v. Miranda, 425 F.3d 953, 963 (11th Cir. 2005)).  "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt."  United States v. Leonard, 138 F.3d 906, 908 (11th Cir.

---

[1] Hunter also adopted Brown's motion for new trial.  That motion is addressed in a separate order.

1

1998)(citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

Hunter claims that the government's evidence was insufficient to sustain the guilty verdict. The Court disagrees. The government introduced evidence through several witnesses. However, the Court need only look to one witness, Penny Thomas, an unindicted co-conspirator, to find evidence sufficient for a reasonable jury to convict Hunter for the crimes charged. Thomas testified that she assisted Hunter and Brown in a scheme to defraud certain insurance companies, as charged in the indictment.

"[U]ncorroborated testimony of an accomplice may be enough to support a conviction if the testimony is not on its face incredible or otherwise insubstantial." United States v. Garcia, 405 F.3d 1260, 1270 (11th Cir. 2005)(citing United States v. Butler, 792 F.2d 1528, 1536 (11th Cir. 1986)). Hunter does not claim that Thomas's testimony is insubstantial. Rather, at trial, Hunter attacked Thomas's credibility. However, credibility determinations are the jury's province, not the Court's, unless the testimony is "unbelievable on its face." Id. (citing United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)). Testimony is unbelievable on its face if it was physically impossible for the witness to have observed the event or the event could not have occurred under the laws of nature. Rivera, 775 F.2d at 1561. Thomas's testimony does not fit into either of these categories. As such, Thomas's testimony alone is sufficient to sustain the jury's verdict.

**II. Motion for New Trial**

A new trial pursuant to Federal Rule of Criminal Procedure 33 may be granted on either of two grounds. <u>United States v. Ramos</u>, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). A new trial may be granted "in the interest of justice." Fed. R. Crim. P. 33(a). A new trial may also be granted on the basis of newly discovered evidence. Fed. R. Crim. P. 33(b)(1). Hunter does not allege newly discovered evidence. Thus, the Court examines whether the interest of justice requires a new trial. The Court finds that it does not.

Hunter asserts that the Court made several errors. Hunter designated the errors in separate paragraphs. The Court will address each argument, using the same numbering utilized by Hunter in her motion. Many of these arguments were raised in pretrial motions. The Court entered written orders on many of these motions. Hunter "relies on the arguments [Hunter] made at trial or in the pretrial motions . . . ." (Doc. #133 at 3.) Thus, the Court will address many of Hunter's arguments by reference to earlier entered orders.

**1 & 2. Judgment of Acquittal**

Hunter argues that the Court erred in denying Hunter's motions for acquittal. For the reasons stated above, the Court finds there was sufficient evidence to withstand a motion for judgment of acquittal. Thus, the Court finds that the Court did not err in denying Hunter's motions for judgment of acquittal.

**3. Verdict against the Weight of the Evidence**

Hunter argues that the verdict was contrary to the weight of the evidence. For the reasons stated above, the Court finds that

there was sufficient evidence to sustain the verdict.

### 4. Jury Instructions

Hunter argues that the Court erred in not submitting all of Hunter's jury instructions. Hunter claims that her jury instructions would have cleared up the ambiguity created by the other jury instructions. However, Hunter does not specify what ambiguity the other jury instructions created. In responding, the government states that Hunter's arguments are too vague to support a response. The Court agrees. Thus, the Court will analyze generally.

"A district court has broad discretion to determine what instructions to give and in what form." United States v. Vicaria, 12 F.3d 195 (11th Cir.1994)(citing United States v. Orr, 825 F.2d 1537, 1542 (11th Cir.1987)); United States v. Gaines, 690 F.2d 849, 856 (11th Cir.1982)). One caveat is that a defendant has the right to have the jury instructed on his theory of defense. See, e.g., United States v. Ruiz, 59 F.3d 1151, 1154 (11th Cir. 1995). However, "[a] refusal to give a requested theory of defense instruction is reversible error only if the requested instruction '(1) was correct, (2) was not substantially covered by the court's charge to the jury, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.'" United States v. Camejo, 929 F.2d 610, 614 (11th Cir. 1991)(citing United States v. Benz, 740 F.2d 903, 910 (11th Cir. 1984), cert. denied, 474 U.S. 817 (1985))).

4

All but one of the Hunter's jury instructions were adequately covered in the Court's instructions to the jury. The omitted instruction, not covered by the other jury instructions, provided:

> The attorneys in this matter may from time to time stand up and state "Objection". This means that they disagree with something that is happening in the trial and they are bringing it to my attention. I want you to understand that this is their obligation to do this and you should in no way take that to mean that a defense lawyer thinks that his client is guilty, or that the government is trying to hide something from you the jury. You are not to hold it against the defendant that an attorney makes objections. The rules and procedures for this and any federal trial are important and will be followed. By following these rules and procedures we can assure ourselves– the defendant, the Government, and the public– that the verdict reached in this trial is a true, fair and accurate one. Only then can we be assured justice.

(Doc. #55 at 2). It is clear that this instruction does not constitute a theory of defense. Moreover, the Court finds that the Court's failure to include the instruction did not seriously impair Hunter's ability to conduct her defense. Thus, it was within the Court's discretion to excluded the instruction. Accordingly, the Court finds that it did not err in not submitting all of Hunter's proposed jury instructions.

**5. Hunter's Financial Condition**

Hunter argues that the Court erred in denying Hunter the right to present evidence of Hunter's financial condition outside the period of the conspiracy. This issue was the subject of a pretrial motion. The government moved, <u>inter alia</u>, to preclude Hunter from presenting evidence of her financial condition outside the time period of the charged conspiracy. The government argued that such

evidence is irrelevant. The Court agreed (Doc. #141), addressing the motion orally. Citing Federal Rule of Evidence 401, the Court found that evidence of Hunter's financial situation, outside the period of the charged conspiracy, does not satisfy the relevance standard because it does not tend to make any fact of consequence more or less likely. The Court further found that, even if the evidence were relevant, the evidence fails the Federal Rule of Evidence 403 balancing test, as any probative value is substantially outweighed by the prejudicial effect. Hunter raises no new arguments. As such, based on the reasoning provided at trial, the Court finds that the Court did not err in precluding Hunter from admitting evidence of her financial condition outside the period of the charged conspiracy.

### 6. Cross-Examination of Dr. Beaman and Ms. Thomas

Hunter argues that the Court erred in limiting Hunter's cross-examination of Dr. Beaman and Ms. Thomas. As to Dr. Beaman, the government moved to preclude Brown and Hunter from cross-examining Dr. Beaman on certain charges filed against Dr. Beaman. (Doc. #S-2, 3:05-cr-105). Brown and Hunter responded. (Doc. ##S-3 and S-4, 3:05-cr-105). Brown and Hunter argued, <u>inter alia</u>, that cross-examination on the charges was proper pursuant to Federal Rule of Evidence 608(b). The Court entered a written order, granting the government's request. (Doc. #S-9). The Court incorporates the order by reference. In pertinent part, the Court provided that:

> Pursuant to Rule 608(b), a witness is subject to cross examination on specific instances of conduct probative of the witness's character for truthfulness or

6

> untruthfulness. Cross-examination on these instances is subject to the protections provided in Federal Rule of Evidence 403.  See Fed.R.Evid.608, Notes of Advisory Committee ([p]articular instances of conduct . . . may be inquired into on cross-examination . . . [but are subject] to the overriding protection of Rule 403 . . . ."). Pursuant to Rule 403, the Court must weigh the probative value of past conduct against any unfair prejudice, confusion of the issues, or misleading of the jury that may result from cross-examination on that conduct.  If the probative value of the past conduct is substantially outweighed by unfair prejudice, confusion of the issues or misleading of the jury, the Court may preclude cross-examination on the past conduct.
>
> The Court finds that, as to Dr. Beaman's character for truthfulness, the probative value of the dismissed charges is substantially outweighed by the unfair prejudice and confusion of the issues that will result from cross-examination on those charges.  The Court is most influenced by the minimal probative value of the dismissed charges.  First, the charges were levied close to twenty years ago.  Thus, even if Dr. Beaman had been convicted, the remoteness in time severely diminishes the relevance as to Dr. Beaman's present character for truthfulness. See United States v. Cox, 536 F.2d 65, 71 (5th Cir. 1976)(finding that a fifteen year old prostitution conviction should have been excluded because of its remoteness).  Second, as noted, the charges were dismissed for lack of evidence.  This fact further minimizes the already strained probative value of the dismissed charges.

(Doc. #S-9).  Hunter offers no new arguments.  As such, for the reasons stated in the Court's order, the Court finds that the Court did not err in precluding Brown and Hunter from cross-examining Dr. Beaman on the dismissed charges.

As to Penny Thomas, Hunter provides no specifics.  Unlike with Dr. Beaman, cross-examination of Thomas was not the subject of a pretrial motion.  The Court recognizes that during Hunter's cross examination of Thomas, Hunter attempted to question Thomas

7

regarding a past charge for filing a false report of commission of a crime. The government objected on relevancy grounds. The Court sustained the objection. The Court upholds that earlier ruling. Moreover, the Court supplements that ruling, finding that any possible relevance of the past charged crime is substantially outweighed by the prejudicial effect of such evidence. Thus, the evidence fails a Rule 403 balancing test. For the foregoing reasons, the Court finds that the Court did not err in limiting Hunter's cross-examination of Dr. Beaman and Thomas.

**7. Use of Government's Jury Instructions**

Hunter argues that "[t]he Court erred by submitting all of the Government's proposed jury instructions which created ambiguity. But for the ambiguity of the government's instructions on whether Ms. Hunter conspired and committed mail fraud, the result of the proceeding probably would have been different." (Doc. #133 at 2). The government asserts that Hunter's argument is too vague to allow a responsive argument. The Court agrees. Other than the mail fraud instruction, Hunter does not specify which government instructions create ambiguity. Moreover, as to the mail fraud instruction, Hunter does not specify the alleged ambiguity created by the instruction. Without a specific argument, the Court is left to address Hunter's contentions generally.

"A district court has broad discretion in formulating jury instructions." <u>Christopher v. Cutter</u>, 53 F.3d 1184, 1191 (11th Cir 1995). New trials are properly granted when the jury instructions

"do not accurately reflect the law, and the instructions as a whole do not correctly instruct the jury . . . [so as to create] 'a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations.'" Broaddus v. Fla. Power Corp., 145 F.3d 1283, 1288 (quoting Carter v. Decisionone Corp., 122 F.3d 997, 1005 (11th Cir. 1997)). Here, the Court cannot find that the mail fraud instruction, which closely tracked the Eleventh Circuit Pattern Instruction, or any other instruction, created a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations. As such, the Court finds that it did not err in submitting the mail fraud instruction, or any jury instruction, to the jury.

**8. Severance**

Hunter argues that the Court erred in refusing to sever Hunter's and Brown's cases. Brown raised the same arguments in his motion for new trial. Hunter adopted Brown's motion for new trial. The Court analyzed these arguments in its order on Brown's motion for new trial. For the reasons stated in that order, the Court finds it did not err in denying the request for severance.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Motion for New Trial or Judgment of Acquittal (Doc. #133) is **DENIED**.

**DONE** and **ORDERED** at Jacksonville, Florida, this <u>13th</u> day of February, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record