```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:06-cr-204-J-33MCR

ROBERT C. BROWN
_____/

**ORDER**

This matter comes before the Court pursuant to the Consent Motion to Dismiss the 1995 Mercedes-Benz, VIN WDBFA6738SF125578, and the 1995 Mercedes-Benz, VIN WDBGA70ESA275129, from the Substitute Asset Forfeiture Count of the Indictment and from the Preliminary Order of Forfeiture for Substitute Assets, (Doc. # 277) and the Consent Motion for Issuance of a Final Judgment of Forfeiture (Doc. # 278), both of which were filed by the government on February 12, 2008.  Upon review of the motions, this Court determines that it is appropriate to grant both motions as follows.

**I.    Background**

On June 29, 2006, the Grand Jury charged Robert Brown, in a twenty-five count indictment (Doc. # 1) with conspiracy to commit health care fraud, making false statements relating to health care matters, and mail fraud, in violation of 18 U.S.C. §§ 371, 1347, 1035 and 1341, punishable by imprisonment for more than one year. The forfeiture count of the Indictment called for forfeiture of Defendant Brown's interest in numerous assets, including real and personal property, among other things.  The Indictment also

contained a substitute asset provision consistent with the terms of 21 U.S.C. § 853(p). (Doc. # 1).

On August 22, 2006, after a trial, the jury found Defendant Brown guilty as to all counts of the Indictment (Doc. # 128). The jury returned a Special Verdict of Forfeiture as to, among other things, United States currency funds or other monetary instruments in the approximate amount of $91,158.86 credited to Wachovia Bank in Account # 1010077092593 (the "Funds")(Doc. # 130). On November 8, 2006, this Court entered a Personal Money Judgment against Defendant Brown in the amount of $1,807,825 plus interest until the judgment is paid (Doc. # 157). Also on November 8, 2006, this Court entered an a Preliminary Order of forfeiture with respect to numerous assets, and particularly with respect to the Funds. (Doc. # 158).

In addition, on June 15, 2007, this Court entered a Preliminary Order of Forfeiture for Substitute Assets (Doc. # 229) that forfeited Defendant Brown's right, title, and interest in the following substitute assets pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1): (A) Real Property at 1424 5th Street West, Jacksonville, Florida, (B) 1995 Mercedes-Benz VIN ending in 578, and (C) Mercedes-Benz VIN ending in 129.

**II.  Claimant Raquel Brown**

Claimant Raquel Brown has asserted claims of ownership over real and personal property subject to forfeiture. Specifically, on January 8, 2007, Raquel Brown filed her Third Party Petition to

Recover Forfeited Property pursuant to 21 U.S.C. § 583(n), seeking a determination of her interest in the Funds, and other assets (Doc. # 168).  Thereafter, on July 13, 2007, Raquel Brown filed her Third Party Petition to Recover Forfeited property (Doc. # 237), seeking recovery of two Mercedes-Benz automobiles seized as substitute assets.  Along the same lines, she filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 following the Court's entry of the Preliminary Order of Forfeiture for Substitute Assets, maintaining her interest in the two Mercedes-Benz automobiles (Doc. # 240).  In addition, Raquel Brown filed a motion for summary judgment on August 14, 2007 (Doc. # 242) in which she argued that the Funds should be distributed to her as a bona fide purchaser for value without knowledge that the Funds were subject to forfeiture or otherwise arguing that she retained a vested interest in the Funds superior to all others.  This Court denied the summary judgment motion on September 10, 2007 (Doc. # 251).

On November 7, 2007, this Court held a status conference in this case, and ultimately set an ancillary hearing for February 26, 2008 to address Raquel Brown's claims, among other things.  On January 30, 2008, pursuant to the Court's request, the government filed a status report indicating that only Raquel Brown's claim to the Funds and her claim to the two Mercedes-Benz automobiles remained to be resolved at the ancillary hearing (Doc. # 276).

III. **The Consent Motions**

The government now advises the Court that a complete settlement has been reached between Raquel Brown and the government which resolves all of Raquel Brown's above-described claims. In essence, the government has agreed to return the two Mercedes-Benz automobiles to Raquel Brown and has also agreed to turn over $25,000 of the Funds to Raquel Brown. Raquel Brown agrees that the remainder of the Funds should be forfeited to the government pursuant to a Final Judgment of Forfeiture. In addition, it is agreed that each party shall bear his or her own attorneys fees and costs.

As the consent motions reflect the terms of the settlement, this Court finds it appropriate the grant the consent motions.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Consent Motion to Dismiss the 1995 Mercedes-Benz, VIN WDBFA6738SF125578, and the 1995 Mercedes-Benz, VIN WDBGA70ESA275129, from the Substitute Asset Forfeiture Count of the Indictment and from the Preliminary Order of Forfeiture for Substitute Assets (Doc. # 277) is **GRANTED.**

(2) The Consent Motion for Issuance of a Final Judgment of Forfeiture (Doc. # 278) is **GRANTED.**

(3) The 1995 Mercedes-Benz, VIN WDBFA6738SF125578, and the 1995 Mercedes-Benz, VIN WDBGA70ESA275129 are hereby dismissed from that part of the forfeiture count of the Indictment (Doc. # 1)

and from that part of the Preliminary Order of Forfeiture Substitute Assets (Doc. # 229).

(4) The U.S. Marshals Service, in accordance with specific directions to be provided by the United States Attorney's Office, is hereby directed to release the above-referenced vehicles into the custody of the Federal Bureau of Investigation, Jacksonville, Florida, for return to Jacksonville and release to Claimant Raquel Brown, in care of her counsel, Albert H. Mickler, Esquire.

(5) The sum of $66,158.86 is hereby forfeited to the United States of America and the sum of $25,000.00 is to be released to the custody and control of Claimant Raquel Brown, in care of her counsel, Albert H. Mickler, Esquire, and in accordance with specific directions to be provided by the United States Attorney's Office to the United States Marshals Service. This Court shall enter a separate Final Judgment of Forfeiture as requested by the parties.

(6) Raquel Brown's Third Party Petition to Recover Forfeited property (Doc. # 237) is **DENIED AS MOOT.**

(7) Raquel Brown's Motion for Relief from Judgment (Doc. # 240) is **DENIED AS MOOT.**

(8) The ancillary hearing set to take place on February 26, 2008 is **CANCELLED.**

(9)  Each party is to bear his or her own costs and fees, including attorney's fees, incurred in any stage of this proceeding.

**DONE** and **ORDERED** in chambers, in Jacksonville, Florida, this 14th day of February 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
U.S. Marshal Service