UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    3:06-cr-204-J-33MCR

ROBERT C. BROWN
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Robert C. Brown's pro se Amended Motion for Early Termination of Supervised Release (Doc. # 318), which was filed on February 1, 2017. The Government filed its Response in Opposition to the Motion (Doc. # 320) on February 9, 2017. As explained below, the Court denies the Motion.

**Discussion**

After an eight-day trial, a jury found Robert C. Brown guilty of health care fraud and other offenses in August of 2006. (Doc. # 128). In addition to 99 months of incarceration and the requirement that Brown pay $1.6 million in restitution, this Court imposed a five-year term of supervised release, which included special conditions barring Brown "from engaging in any employment related to the operation of a medical clinic, facility or practice" for 36 months after his release from prison as well as requiring Brown to undergo psychosexual treatment. (Doc. # 195 at 4).

At this juncture, Brown states that he was released from prison on April 26, 2014, and has served 32 months of his 60 month term of supervision. (Doc. # 318). Citing his remorse, and other considerations, Brown requests an Order terminating the remaining period of supervised release: "Defendant is remorseful for his role in the offense of which he was convicted. He regrets the harm that he caused and is making restitution payments." (Id. at 6).

As stated by the Government, "Brown is far from the defendant who freely, openly, and without excuse, accepts responsibility [for] his criminal conduct." (Doc. # 320 at 2). After the verdict of guilt was handed down by the jury, Brown filed a motion for new trial (Doc. # 136), filed an appeal (Doc. # 290), and a motion to vacate his conviction. (Doc. # 294). Brown also questioned the Court's imposition of special conditions of release, specifically requesting clarification of the Court's limitation on his future employment and seeking elimination of psychosexual treatment. The Court ratifies the Government's position that "when a defendant, such as Brown, utilizes virtually every possible avenue to shield himself from the criminal sanctions imposed as a direct result of his criminal conduct, it is extremely difficult to balance his

attempts to escape responsibility with his current claim of remorse." (Doc. # 320 at 2).

Title 18 U.S.C. § 3583(e) authorizes the Court to modify a Defendant's conditions of supervised release. Commenting on this provision, the Supreme Court has noted, "The trial court, as it sees fit, may modify an individual's conditions of supervised release." <u>United States v. Johnson</u>, 529 U.S. 53, 60 (2000)(citing 18 U.S.C. § 3583(e)(2)). In exercising its discretion to modify a defendant's conditions of supervised release, the Court must first consider certain factors listed in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e).

Among other factors, the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the need "to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B) & (C). The Court has considered all factors required by § 3583(e), but consideration of the aforementioned factors specifically convinces the Court that cessation of supervised release is not warranted.

Brown's federal health care fraud began less than one year after being released from state prison for depraved

-3-

sexual acts that he performed on his patients while he was a licensed ob/gyn physician. And, his federal fraud occurred while Brown was serving a term of probation imposed by the State of Florida. This may explain why Brown's current probation officer strongly opposes any Order terminating Brown's term of supervision. In United States v. Boyd, 606 Fed. Appx. 953 (11th Cir. 2015), the trial court denied a pro se motion for early termination of supervised release, and the defendant appealed. The Eleventh Circuit affirmed the denial of early termination and explained that "completion by Defendant of his full supervised release term was necessary to protect the public" because "Defendant's criminal history shows that he had previously committed . . . offenses while on parole." Id. at 961. A similar concern is present here, mandating that Brown serve the full term of supervision imposed at sentencing to protect the public from future criminal activity perpetrated by Brown.

In addition, Brown's outstanding restitution balance is $864,322.00. Supervised release is a valuable tool for ensuring that restitution payments are made to the fullest extent possible. See United States v. Reagan, 162 Fed. Appx. 912, 914 (11th Cir. 2006)("[T]he goal [of supervised release]

is, in part, to facilitate training and rehabilitation, **including restitution**.")(emphasis added).

On balance, the Court commends Brown for any and all strides that he has made towards positively transitioning back into society after his term of incarceration. However, the Court is convinced that Brown and the public at large will be benefitted by Brown serving the full term of supervised release imposed by the Court at sentencing.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Robert C. Brown's pro se Amended Motion for Early Termination of Supervised Release (Doc. # 318) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa Florida, this 10th day of February, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE